**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREA VELAZQUEZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HAVEN MIDDLE SCHOOL and EVANSTON/SKOKIE COMMUNITY CONSOLIDATED SCHOOL DISTRICT 65,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case: 1:26-cv-02899**<br><br><br><br><br><br>**Jury Trial Demanded** |

**COMPLAINT**

Plaintiff, Andrea Velazquez ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Haven Middle School and Evanston/Skokie Community Consolidated School District 65 ("Defendants"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendants' sex-based discrimination, pregnancy-based discrimination, and retaliation for engaging in a protected activity in violation of Title VII and the IHRA.

2. This lawsuit also arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. § 2000gg *et seq*. (PWFA) seeking redress for Defendants' failure to accommodate Plaintiff's pregnancy, and for Defendants' retaliation against Plaintiff for engaging in a protected activity under the PWFA.

3. This lawsuit further arises under the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e *et seq*., seeking redress for Defendants' pregnancy-based

discrimination, and retaliation against Plaintiff for engaging in a protected activity under the PDA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendants operate and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Counts II, IV, VI, and VIII through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent have occurred or been complied with.

8. A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (Attached hereto as Exhibits "A" and "B").

9. Plaintiff received a Notice of Right to Sue from the EEOC and U.S. Department of Justice for each charge (attached hereto as Exhibits "C" and "D").

10. Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

11. Plaintiff, Andrea Velazquez, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

12. Defendant, Haven Middle School, whose address is 2417 Prairie Ave., Evanston, Illinois, 60201, is a public agency specializing in public education that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

13. Defendant, Evanston / Skokie Community Consolidated School District 65, whose

address is 2417 Prairie Ave., Evanston, Illinois, 60201, is a public agency specializing in public education that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

14. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C § 2000e(f).

15. During the applicable limitations period, Defendants have had at least fifteen employees, have been an "employer" as defined by Title VII, and have been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

16. Plaintiff worked for Defendants as a paraeducator from on or about January 8, 2025, until Plaintiff's unlawful termination on or around May 9, 2025.

17. As a paraeducator, Plaintiff's duties included, but were not limited to, the following: supporting students, assisting with lesson preparation, and helping with classroom management.

18. Since at least May 9, 2025, Defendants have subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of Plaintiff's sex.

19. During Plaintiff's employment with Defendants, Plaintiff was female and pregnant.

20. On or about January 8, 2025, Plaintiff began working at Haven Middle School, which is part of Evanston / Skokie Community Consolidated School District 65, by way of Epic Staffing.

21. On or about May 9, 2025, Plaintiff informed the Director of Students, Samantha (LNU), in person that Plaintiff was pregnant.

22. Plaintiff also informed Samantha that, as a result, she would need accommodation with respect to her duty of assisting with gym time because she may be unable to do so once further along in her pregnancy.

23. Samantha congratulated Plaintiff and recommended that Plaintiff request a meeting via email to discuss this issue.

24. Plaintiff sent an email requesting a meeting with Samantha and the principal, Chris Latting, to discuss issues Plaintiff was experiencing with her schedule and workflow, as well as future concerns related to her pregnancy and necessary accommodation.

25. However, Plaintiff did not have the opportunity to speak with Samantha and Chris about her concerns because she was terminated that same day.

26. Specifically, on or about May 9, 2025, Plaintiff was informed by Epic Staffing that Haven Middle School was ending her contract early.

27. When the agency reached out to the school asking for the reason Plaintiff's contract ended early, no explanation was provided.

28. Ultimately, on or about May 9, 2025, Plaintiff was terminated on the basis of Plaintiff's sex, pregnancy, and engaging in protected activity as described above.

29. Plaintiff met or exceeded Defendants' performance expectations during the entire duration of their employment.

30. Plaintiff engaged in protected activity by disclosing her pregnancy.

31. Plaintiff engaged in protected activity by requesting reasonable accommodation.

32. Defendants did not provide Plaintiff with a meaningful opportunity to discuss possible accommodation for her pregnancy.

33. Defendants did not discuss potential task redistribution or temporary modifications.

34. Defendants did not propose any alternative accommodation.

35. Temporary task adjustments were feasible within Defendants' operations.

36. Plaintiff was retaliated against, and her employment was ultimately terminated for disclosing her pregnancy to Defendants and reasonably requesting accommodation in relation to her pregnancy.

37. Plaintiff was targeted for termination because of their sex and pregnancy.

38. Plaintiff suffered multiple adverse employment actions including but not limited to being terminated.

39. There is a basis for employer liability for the discrimination and retaliation that Plaintiff was subjected to.

40. Additionally, there is a basis for employer liability for the failure to accommodate Plaintiff's request for accommodation related to her pregnancy.

41. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim, because Plaintiff disclosed her pregnancy and requested accommodations.

42. The temporal proximity between Plaintiff's disclosure of her pregnancy and request for accommodation and her termination, gives rise to a strong inference that the termination was motivated by her pregnancy and engagement in protected activity.

**COUNT I**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

43. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

45. Plaintiff was a member of a protected class under Title VII, due to Plaintiff's sex and pregnancy.

46. Plaintiff was qualified for their position as a paraeducator.

47. Plaintiff met or exceeded performance expectations.

48. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

49. Ultimately, Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex and pregnancy.

50. Specifically, Plaintiff was terminated following her disclosure of her pregnancy and request for reasonable accommodation in relation to her pregnancy.

51. Defendants acted in willful and reckless disregard for Plaintiff's protected rights.

52. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of the Illinois Human Rights Act, 775 ILCS 5/**
**(Sex-Based Discrimination)**

53. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex and pregnancy, in violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

55. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex and pregnancy.

56. Plaintiff was qualified for their position as a paraeducator.

57. Plaintiff met or exceeded performance expectations.

58. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

59. Ultimately, Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex and pregnancy.

60. Specifically, Plaintiff was terminated following her disclosure of her pregnancy and request for reasonable accommodation in relation to her pregnancy.

61. Defendants acted in willful and reckless disregard for Plaintiff's protected rights.

62. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

63. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

64. By virtue of the conduct alleged herein, Defendants retaliated against Plaintiff because disclosed her pregnancy and requested reasonable accommodation for her pregnancy, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

65. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex and pregnancy.

66. During Plaintiff's employment with Defendants, Plaintiff disclosed her pregnancy to Defendants and reasonably requested accommodation in relation to her pregnancy.

67. Plaintiff requested accommodation on or about May 9, 2025, when she spoke with

Samantha and emailed Samantha and Chris.

68. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII.

69. In response to Plaintiff's accommodation request, Defendants refused to engage in the interactive process and instead opted to cancel Plaintiff's contract early and terminate Plaintiff's employment.

70. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

71. Defendants acted in willful and reckless disregard for Plaintiff's protected rights.

72. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **COUNT IV**
## Violation of the Illinois Human Rights Act, 775 ILCS 5/
## (Retaliation)

73. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

74. By virtue of the conduct alleged herein, Defendants retaliated against Plaintiff because disclosed her pregnancy and requested reasonable accommodation for her pregnancy, thereby violating the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

75. Plaintiff was a member of a protected class under the IHRA, due to Plaintiff's sex and pregnancy.

76. During Plaintiff's employment with Defendants, Plaintiff disclosed her pregnancy to Defendants and reasonably requested accommodation in relation to her pregnancy.

77. Plaintiff requested accommodation on or about May 9, 2025, when she spoke with

Samantha and emailed Samantha and Chris.

78. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII.

79. In response to Plaintiff's accommodation request, Defendants refused to engage in the interactive process and instead opted to cancel Plaintiff's contract early and terminate Plaintiff's employment.

80. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

81. Defendants acted in willful and reckless disregard for Plaintiff's protected rights.

82. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
## Violation of the Pregnant Workers Fairness Act
## (Failure to Accommodate)

83. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

84. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. § 2000gg et seq. ("PWFA").

85. Plaintiff was a member of a protected class under the PWFA, due to Plaintiff's pregnancy.

86. Plaintiff was a qualified employee as defined by the PWFA.

87. Defendants were aware of Plaintiff's pregnancy and her need for accommodation.

88. During Plaintiff's employment with Defendants, Plaintiff disclosed her pregnancy

to Defendants and reasonably requested accommodation in relation to her pregnancy.

89. Plaintiff requested accommodation on or about May 9, 2025, when she spoke with Samantha and emailed Samantha and Chris.

90. Defendants failed to engage in the interactive process to determine the appropriate accommodation after Plaintiff requested reasonable accommodation.

91. Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendants.

92. Temporary task adjustments were feasible within Defendants' operations.

93. Defendants did not accommodate Plaintiff's pregnancy and instead terminated Plaintiff's employment following her request for accommodation.

94. Defendants acted in willful and/or reckless disregard for Plaintiff's protected rights.

95. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Illinois Human Rights Act, 775 ILCS5/2-102(J)(1)**
**(Failure to Accommodate)**

96. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

97. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Illinois Human Rights Act, 775 ILCS5/2-102(J)(1) ("IHRA").

98. Plaintiff was a member of a protected class under the IHRA, due to Plaintiff's pregnancy.

99. Plaintiff was a qualified employee as defined by the IHRA.

100. Defendants were aware of Plaintiff's pregnancy and her need for accommodation.

101. During Plaintiff's employment with Defendants, Plaintiff disclosed her pregnancy to Defendants and reasonably requested accommodation in relation to her pregnancy.

102. Plaintiff requested accommodation on or about May 9, 2025, when she spoke with Samantha and emailed Samantha and Chris.

103. Defendants failed to engage in the interactive process to determine the appropriate accommodation after Plaintiff requested reasonable accommodation.

104. Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendants.

105. Temporary task adjustments were feasible within Defendants' operations.

106. Defendants did not accommodate Plaintiff's pregnancy and instead terminated Plaintiff's employment following her request for accommodation.

107. Defendants acted in willful and/or reckless disregard for Plaintiff's protected rights.

108. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VII**
**Violation of the Pregnant Workers Fairness Act**
**(Retaliation)**

109. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

110. By virtue of the conduct alleged herein, Defendants retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations related to her pregnancy, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. § 2000gg *et seq.* ("PWFA").

111. Plaintiff is a member of a protected class under the PWFA due to Plaintiff's sex and pregnancy.

112. Plaintiff was a qualified employee as defined by the PWFA.

113. During Plaintiff's employment with Defendants, Plaintiff disclosed her pregnancy to Defendants and reasonably requested accommodation in relation to her pregnancy.

114. Plaintiff requested accommodation on or about May 9, 2025, when she spoke with Samantha and emailed Samantha and Chris.

115. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the PWFA.

116. Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendants.

117. In response to Plaintiff's accommodation request related to her pregnancy, Defendants refused to engage in the interactive process and instead opted to cancel Plaintiff's contract early and terminate Plaintiff's employment.

118. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

119. Defendants acted in willful and/or reckless disregard for Plaintiff's protected rights.

120. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VIII
## Violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(I)
## (Retaliation)

121. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

122. By virtue of the conduct alleged herein, Defendants retaliated against Plaintiff based on Plaintiff requesting accommodation, thereby violating the Illinois Human Rights Act, 775 ILCS 5/2-102(I) ("IHRA").

123. Plaintiff was a member of a protected class under the IHRA due to Plaintiff's pregnancy.

124. Plaintiff was a qualified employee as defined by the IHRA.

125. Defendants were aware of Plaintiff's pregnancy and her need for accommodation.

126. During Plaintiff's employment with Defendants, Plaintiff disclosed her pregnancy to Defendants and reasonably requested accommodation in relation to her pregnancy.

127. Plaintiff requested accommodation on or about May 9, 2025, when she spoke with Samantha and emailed Samantha and Chris.

128. Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendants.

129. In response to Plaintiff's accommodation request related to her pregnancy, Defendants refused to engage in the interactive process and instead opted to cancel Plaintiff's contract early and terminate Plaintiff's employment.

130. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

131. Defendants acted in willful and reckless disregard for Plaintiff's protected rights.

132. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IX**
**Violations of the Pregnancy Discrimination Act**
**(Disparate Treatment)**

133. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

134. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex and pregnancy, in violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000 *et seq.* ("PDA").

135. The PDA prohibits an employer from discriminating against an employee on the basis of pregnancy, childbirth, or related medical conditions. Plaintiff was a member of a protected class under Title VII, due to Plaintiff's sex and pregnancy.

136. Plaintiff was a member of a protected class under the PDA due to Plaintiff's pregnancy.

137. Plaintiff was qualified for their position as a paraeducator.

138. Ultimately, Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex and pregnancy.

139. Specifically, Plaintiff was terminated following her disclosure of her pregnancy and request for reasonable accommodation in relation to her pregnancy.

140. Defendants acted in willful and reckless disregard for Plaintiff's protected rights.

141. As a result of Defendants' conduct, Plaintiff suffered damages, including loss of employment, loss of income, loss of employment benefits, mental anguish, financial distress, emotional distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: March 16, 2026.

***/s/ Chad W. Eisenback***
**CHAD W. EISENBACK, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**CHASIDY K. CLARK, ESQ.**
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
ceisenback@atlaslawcenter.com
nvolheim@atlaslawcenter.com
cclark@atlaslawcenter.com
*Counsel for Plaintiff*